IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18-CR-3132 |
| vs. | TENTATIVE FINDINGS |
| JOHANA MORALES-RUANO, | |
| Defendant. | |

The Court has received the presentence investigation report in this case. There are no objections or motions for departure or variance.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no objections or motions that require resolution at sentencing. The parties' sentencing statements, however, do reflect a disagreement about the appropriate weight to be given to the defendant's possession of a fraudulent Social Security card. *See* filing 43; filing 46.

The presentence report increases the offense level to 12 based on U.S.S.G. § 2B1.1(b)(11)(A)(ii), which sets a minimum offense level of 12 for possessing a Social Security card which includes an "authentication feature." The defendant argues that merely possessing an "authentication feature," as opposed to trafficking in them, should be given less weight. The Court notes that it has previously rejected a similar argument. *See United States v. Rodriguez-Cisneros,* 916 F. Supp. 2d 932, 933-34 (D. Neb. 2013).

But by the same token, it's not clear to the Court from the presentence report or either party's brief whether the Social Security card at issue in this case actually *did* contain an "authentication feature," given the Court's holding that a Social Security number, standing alone, isn't an "authentication feature" within the meaning of § 2B1.1(b)(11)(A)(ii). *Rodriguez-Cisneros,* 916 F. Supp. 2d at 934-35.

The Court will resolve those issues at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become

final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 31st day of May, 2019.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge